UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANDI L. MAXWELL,

    Plaintiff,

v.                                          CASE NO. 8:22-cv-1204-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a Period of Disability and Disability Insurance Benefits. In a decision dated November 8, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 9, 2018, the alleged disability onset date, through September 30, 2021, the date last insured. (Tr. 26–37.) Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12 & 17.)

**I.      Issue on Appeal**

Plaintiff raises one issue on appeal: "Whether the ALJ erred in the assessment of the opinion of Dr. Mendoza[.]"  (Doc. 18 at 2.)

**II.     Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo*."  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

**III.    Analysis**

Plaintiff first argues that the ALJ's decision is not supported by substantial evidence because he failed "to address supportability reasons" provided by treating psychologist, Dr. Jennifer Mendoza, Ph.D.  (Doc. 18 at 4–6.)  The Court rejects this argument because the ALJ adequately addressed Dr. Mendoza's opinion, including the consistency and supportability factors contained in 20 C.F.R.

2

§ 404.1520c.  In finding that Dr. Mendoza's opinion was not persuasive, the ALJ explained:

> Dr. Mendoza relied heavily on the claimant's subjective reports from her prior work experiences and the claimant's completion of symptom inventories (Exhibit B37F). However, these reports are not *consistent* with the claimant's course of treatment, which consists of regular follow-up appointments every three or fourth months (Exhibit B21F, Exhibit B29F, and Exhibit B31F). Furthermore, the opinion is not *supported* by the claimant's treatment notes that document she has been stable on the same medications throughout the period under review (Exhibit B21F, Exhibit B29F, and Exhibit B31F). Even Dr. Mendoza's treatment notes do not show significant mental issues but discuss developing organizational skills and engaging in relaxing activities such as making jewelry (Exhibit B43F).

(Tr. 35) (emphasis added).  Thus, the ALJ adequately addressed the supportability and consistency factors, and his reasoning is supported by substantial evidence.

The ALJ summarized his overall findings as follows:

> The claimant's allegations of additional limitaitons [sic] are not supported by the record. First, the claimant's course of treatment has been routine follow-up visits with continuation of the same medications (Exhibit B21F, Exhibit B29F, and Exhibit B31F). In addition, overall, the claimant's treatment notes document borderline symptoms with normal mental status examination (Exhibit B21F, Exhibit B29F, and Exhibit B31F). Even when additional symptoms are noted, the claimant's medications have not been changed (Exhibit B21F, Exhibit B29F, and Exhibit B31F). Furthermore, the claimant has not required any inpatient care and her symptoms appear effectively managed. Finally, the claimant is able to manage her activities of daily living and take care of her rescue horse (Exhibit B25F).

(Tr. 33.)  The remainder of Plaintiff's arguments essentially invite the Court to reweigh evidence that the ALJ adequately considered.  (*See* Doc. 18 at 7–12.)  That is not the Court's function.  *Winschel*, 631 F.3d at 1178.  Therefore, affirmance is required.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence.  Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on January 26, 2023.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record